CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

2016 MAY 17  AM 8: 25

DEPUTY CLERK

| | | |
|---|---|---|
| CECIL ANTONIO WILSON, | § | |
| ID # 25582-177, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 1:16-CV-073-O (BL) |
| | § | (No. 1:00-CR-030-O-(1)) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the electronic order entered on May 16, 2016, the *Motion for Immediate Release Pending further Proceedings*, has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion for Immediate Release Pending further Proceedings,* filed May 13, 2016, (doc. 6), should, if the parties provide to the Court the information listed herein, be **GRANTED**. [1]

## I. BACKGROUND

Cecil Antonio Wilson, through the Federal Public Defender (FPD), filed a successive motion for relief under 28 U.S.C. § 2255, as authorized by the United States Court of Appeals for the Fifth Circuit. On May 10, 2016, the government filed a response, conceding that Wilson was entitled to relief, and setting forth arguments related to the re-sentencing of Wilson. The Court then directed the FPD to file an expedited reply to the government's response, and directed the government to then file a supplemental response. The FPD, however, has also filed an unopposed motion for immediate release.

### A.    Procedural Background

---

[1]  It is asumed that the referral includes an eventual determination and imposition of conditions of release by the undersigned upon the release of Defendant.

In February 2000, Wilson and another person burglarized a business in Eastland, Texas. (PSR ¶¶ 4-6.) A .22 caliber pistol was among the items stolen. (PSR ¶ 4.) Wilson took it home and put it in his closet, where he later led police to it. (PSR ¶¶ 6-7.) Because he had previously been convicted of multiple felony offenses, Wilson was charged with being a felon in possession of a firearm. (*See* PSR ¶¶ 1, 26-35.) He pled guilty pursuant to a plea agreement. (PSR ¶ 3.)

The Court sentenced Wilson to 210 months in prison and five years of supervised release. (Dkt. Entry 27, No. 1:00-CR-030-O.) His sentence was enhanced due to the application of provisions of the Armed Career Criminal Act (ACCA), 28 U.S.C. 924(e), to his history of certain prior felony convictions. The United States Court of Appeals for the Fifth Circuit affirmed Wilson's sentence. *See United States v. Wilson*, No. 00-10880 (5th Cir. June 15, 2001). The judgment became final on approximately October 15, 2001, when the Supreme Court denied his petition for certiorari. (*See* Oct. 15, 2001 Dkt. Entry, Case No. 00-CR-030-O.)

## B.      Applicable Change in Law

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which declared the ACCA residual clause unconstitutionally vague and unenforceable. On April 18, 2016, the Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), holding that *Johnson* is retroactively applicable to ACCA sentences in collateral proceedings.

The government has filed a response to Wilson's § 2255 motion, conceding that, after *Johnson*, Wilson no longer has three convictions for violent felonies or serious drug offenses that qualify him for the enhanced statutory sentence under section 924(e)(1). The government therefore has not opposed Wilson's request for relief from his ACCA sentence, and has conceded that the maximum sentence of imprisonment is now the applicable statutory maximum of 10 years or 120 months imprisonment. *See* 18 U.S.C. § 924(a)(2). The parties, however, disagree as to whether a

sentencing hearing is necessary, and as to the amount of the term of supervised release the Court should impose.

## II. MOTION FOR IMMEDIATE RELEASE

Wilson has moved the Court to enter an order granting him immediate release pending further action in this § 2255 proceeding and the underlying criminal case. As a basis for the motion, the FPD reports that Wilson has already served more than ten years in prison. The FPD informs the Court that as of May 4, 2016, Wilson had served 11 years, 2 months, 24 days of "flat time," and had earned 594 days of good-time credit.

Because the § 2255 petition is pending before the Court, the Court has inherent authority to order Wilson's release. "When an action pending in a United States court seeks release from what is claimed to be illegal detention, the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief *pendent lite*, to grant bail or release, pending determination of the merits." *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969); *accord Johnston v. Marsh*, 227 F.2d 528, 531 (3d Cir. 1955) ("One of the inherent powers of the judiciary with regard to proceedings before it has been the admission of a prisoner to bail where, in the exercise of his discretion, the judge deems it advisable.")

Notwithstanding whether the Court ultimately decides to impose a sentence based on the papers alone or to hold a new re-sentencing hearing, and notwithstanding that the Court must still resolve what term of supervised release should be imposed, both sides agree and ask the Court that since Wilson's term of imprisonment portion of his sentence will be no longer than ten years, and as he has served more than the 10-year lawful statutory maximum, Wilson should be entitled to immediate release.

The undersigned notes that according to the Bureau of Prisons website, Wilson is housed in

Butner, North Carolina at FCI-Butner Medium.[2] The FPD acknowledges that even if the Court orders Wilson's immediate release, he will need to be subject to conditions of release. Those conditions will need to be set by the undersigned, with input from and after an interview with the applicable Probation office. Furthermore, as Wilson is presently housed in Butner, North Carolina, the logistics of Wilson's return to the Northen District of Texas, both for setting conditions of release and potential re-sentencing, must be addressed. Thus, the undersigned magistrate judge will recommend that the motion for immediate release be granted, so long as the parties inform the Court, as soon as possible, but no later than the time for filing objections, the following information: (1) from where and how Wilson should be released from the Bureau of Prisons and what arrangements would be required for his return to the Northern District of Texas, including the cost of transportation; (2) to what Probation office he must report; and (3) the proposed terms and conditions of his release.

### III. RECOMMENDATION

The *Motion for Immediate Release Pending further Proceedings,* filed May 13, 2016, (doc. 6), should be GRANTED, so long as the parties inform the Court, as soon as possible, but no later than the time for filing objections, the following information: (1) from where and how Wilson should be released from the Bureau of Prisons and what arrangements would be required for his return to the Northern District of Texas, including the cost of transportation; (2) to what Probation office he must report; and (3) the proposed terms and conditions of his release. [3]

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law.

---

[2] *See* www.bop.gov/inmateloc/ Cecil Antonio Wilson, BOP No. 25582-177, last visited May, 16, 2016.

[3] As noted, it is assumed that upon any ordered release of Defendant Wilson, the determination and imposition of any conditions of release remains referred to the undersigned magistrate judge.

Any party may object to this Findings, Conclusions and Recommendation. A party who objects to any part of this report must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED**.

Dated May _17_, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE