IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **CECIL ANTONIO WILSON** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION 1:16-CV-073-O** |
| | § | **(Criminal No. 1:00-CR-030-O (1))** |
| **UNITED STATES OF AMERICA** | | |

**ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255, IN PART,
and GRANTING IMMEDIATE RELEASE PENDING RE-SENTENCING**

In February 2000, Defendant Cecil Antonio Wilson and another person burglarized a business in Eastland, Texas. (PSR ¶¶ 4-6.) A .22 caliber pistol was among the items stolen. (PSR ¶ 4.) Wilson took it home and put it in his closet, where he later led police to it. (PSR ¶¶ 6-7.) Because he had previously been convicted of multiple felony offenses, Wilson was charged with being a felon in possession of a firearm. (*See* PSR ¶¶ 1, 26-35.) He pled guilty pursuant to a plea agreement. (PSR ¶ 3.) The Court sentenced Wilson to 210 months in prison and five years of supervised release. (Dkt. Entry 27, No. 1:00-CR-030-O.) His sentence was enhanced due to the application of provisions of the Armed Career Criminal Act (ACCA), 28 U.S.C. 924(e), to his history of certain prior felony convictions. The United States Court of Appeals for the Fifth Circuit affirmed Wilson's sentence. *See United States v. Wilson*, No. 00-10880 (5th Cir. June 15, 2001). The judgment became final on approximately October 15, 2001, when the Supreme Court denied his petition for certiorari. (*See* Oct. 15, 2001 Dkt. Entry, Case No. 00-CR-030-O.)

Wilson, through the Federal Public Defender (FPD), filed a successive motion for relief under 28 U.S.C.§ 2255, as authorized by the United States Court of Appeals for the Fifth Circuit. The government has filed a response to Wilson's § 2255 motion, conceding that, after *Johnson v. United States*, 135 S.Ct. 2551 (2015), which declared the ACCA residual clause unconstitutionally

vague and unenforceable, Wilson no longer has three convictions for violent felonies or serious drug offenses that qualify him for the enhanced statutory sentence under section 924(e)(1). The government therefore has not opposed Wilson's request for relief from his ACCA sentence, and has conceded that the maximum sentence of imprisonment is now the applicable statutory maximum of 10 years or 120 months imprisonment. *See* 18 U.S.C. § 924(a)(2). The parties, however, disagree as to whether a sentencing hearing is necessary, and as to the amount of the term of supervised release the Court should impose.

The FPD has also filed a motion for immediate release, and the magistrate judge has issued a findings, conclusions and recommendation to grant the motion for immediate release, so long as the parties address the issues related to the logistics of Wilson's release and transfer from his point of release from the Bureau of Prisons FCI-Butner in Butner, North Carolina to the Northern District of Texas. By the filing of an unopposed response on May 19, 2016, the parties have addressed the issues raised by the magistrate judge. The Court notes that the certificates of conference on both the motion for immediate release and the response to the magistrate judge's report each have assured the Court that the United States does not oppose the motion for immediate release or the terms of that release.

It is therefore **ORDERED** that Defendant/Movant Cecil Antonio Wilson 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (docket entry 1) is granted, in part, such that he is released from his term of imprisonment pending the Court's resolution of other sentencing issues.

It is further **ORDERED** that the court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge as to the immediate release of Defendant Wilson, such that it is **ORDERED** that the motion for immediate release pending further proceedings (docket entry 6) is **GRANTED**

It is further **ORDERED** that the Bureau of Prisons immediately release Cecil Antonio Wilson (BOP No. 25582-177) from confinement pending further proceedings.

It is further **ORDERED** that Wilson is subject to the Order Setting Temporary Conditions of Release issued this same day pending his transport to the Northern District of Texas.

It is further **ORDERED** that the this matter is referred to United States Magistrate Judge E. Scott Frost to enter additional conditions of release once Wilson is returned to the Northern District of Texas, and is then subject to further proceedings.

**SO ORDERED** this 20th day of May, 2016.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**